DICKINSON, Presiding Justice,
dissenting:
¶ 65. The basis and authority for the majority opinion is the interpretation of a statute — not this Court’s or any other court’s interpretation — but the Mississippi Commissioner of Insurance’s interpretation. The Supreme Court — not the Commissioner of Insurance — is constitutionally charged with the duty and responsibility of interpreting Mississippi’s Constitution and laws. The Constitution makes no mention of the Mississippi Commissioner of Insurance or the Mississippi Windstorm Underwriter’s Association (“Mississippi Windstorm”). So I cannot agree with the majority’s view that we should surrender our interpretation of a statute, in deference to the Commissioner’s interpretation. I, therefore, respectfully dissent.
¶ 66. While I do think it is appropriate — indeed, prudent — for this Court to carefully consider a governmental agency’s application and understanding of an ambiguous statute, that is as far as it goes. Taking an agency’s interpretation into account — even giving it great weight — is one thing; but deferring to the agency’s interpretation is quite another. And this is especially true where, as here, the agency’s interpretation is contrary to clear statutory language. My view is not new or original.[20]
¶ 67. As a statutorily-created entity, Mississippi Windstorm’s authority is limited to the authority granted it by the Leg *232 islature. And the Legislature gave it no authority to promulgate rules, unless the rules are first approved by the Commissioner.[21] It is undisputed that the rule at issue in this case was not approved by the Commissioner. So, if the statute is to be followed, Mississippi Windstorm’s rule setting a deadline was of no effect. Apparently, according to the majority, the statute is not to be followed.
¶ 68. As it existed in 2005, Section 83-34-9 stated:
“A member shall, in accordance with the plan of operation, annually receive credit for essential property insurance voluntarily written in a coast area, and its participation in the writings of the association shall be reduced in accordance with the provisions of the plan of operation.”[22]
¶ 69. Neither the statute nor Mississippi Windstorm’s plan of operation includes a statute of limitations. And absent some statutory authority to do so, statutorily-created entities are not free to enact their own statutes of limitation, or to void or limit statutorily-created rights. And as for this Court deferring to the Commissioner’s interpretation of the statute, I can think of no more dangerous perversion of our system of government than to say that the executive branch of government should interpret its own powers. Next thing you know, we’ll be deferring to our law enforcement agencies’ interpretation of the Fourth Amendment.
¶ 70. Because the majority defers to the Commissioner’s interpretation of the law; and because the Commissioner’s interpretation allowed Mississippi Windstorm to ignore the statutorily-required approval of its deadline, I respectfully dissent.

. Orick v. State, 140 Miss. 184, 105 So. 465, 467 (1925) (quoting Marbury v. Madison, 1 Cranch 137, 177, 5 U.S. 137, 177, 2 L.Ed. 60 (1803)) (It is "emphatically the province and duty of the judicial department to say what the law is.”); Bureau of Alcohol, Tobacco and Firearms v. Fed. Labor Relations Auth., 464 U.S. 89, 98 n. 8, 104 S.Ct. 439, 78 L.Ed.2d 195 (1983) (interpretation of the law is court's “quintessential” duty).

. Miss.Code Ann. § 83-24-29 (2005).

. Miss.Code Ann. § 83-34-9 (2005) (emphasis added).